IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES WILSON, § | |
| § | |
| *Plaintiff,* § | |
| § | CASE NO. A10-CA-160 SS |
| v. § | |
| § | |
| SYSTEMS & PROCESSES ENGINEERING § | |
| CORPORATION and RANDOLPH E. NOSTER, § | |
| § | |
| *Defendants.* § | |

## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE SPARKS:

Defendants, Systems & Processes Engineering Corporation ("SPEC") and Randolph E. Noster ("Noster"), file this Motion for Summary Judgment ("MSJ") against Plaintiff, James Wilson ("Wilson"), and seek summary judgment against Plaintiff only with respect to Defendants' counterclaim for breach of employment agreement by Plaintiff (*see* Defendants' First Amended Answer to Original Complaint and Counterclaim ¶¶ 24 - 26) and not for damages resulting there from, which Defendants shall later prove. Summary judgment is proper as a matter of law against Plaintiff because there is no genuine issue of material fact as to the fact that Wilson breached his employment agreement with SPEC.

## I.
## FACTS

1.      On or about July 1, 2003, Plaintiff entered into a written employment agreement with SPEC (hereinafter referred to as "Employment Agreement"). A true and correct copy of the original of the Employment Agreement is attached hereto as Ex. A.[1] In the Employment

---

[1] *See also* Aff. of Randolph E. Noster ¶¶ 4 - 9, attached as Ex. B.

Agreement, Plaintiff promises to "*abide by and comply with all lawful SPEC policies that are either in place at the time of the Employee's employment with SPEC and/or which may be implemented, amended, changed, or added by SPEC from time to time during the Employees' employment with SPEC.*" *See* Ex. A at § 17.  During Plaintiff's employment with SPEC, SPEC's overtime policy was "*When operating requirements or other needs cannot be met during regular working hours, employees may be scheduled to work overtime hours. When possible, advance notification of these assignments will be provided. All overtime work must receive the supervisor's and SPEC's Corporate Management's prior authorization; otherwise the employee is not authorized to work overtime . . .*" *See* Employee Handbook § 505, a true and correct excerpt copy of which is attached hereto as Ex. C.[2]

2. Approximately two months after his January 18, 2010 termination[3] of employment with SPEC, Plaintiff brought this lawsuit against the Defendants alleging that Defendants failed to pay Plaintiff overtime wages during his employment with SPEC. *See* Complaint ¶¶ 6 - 8.  However, in direct breach of his Employment Agreement[4], Plaintiff expressly admits that, during his employment with SPEC, he (i) "never once informed or complained to [his] immediate superior at SPEC or to SPEC's corporate management that [he] had worked overtime or [was] eligible for compensable overtime"[5], (2) "never once sought payment for overtime compensation in accordance with SPEC's nonexempt employee workplace policies"[6], and (3) "never requested nor was authorized by [his] supervisor at SPEC or by

---

[2] *See also* Ex. B at ¶¶ 10 - 14.
[3] *See* Complaint ¶ 6; *see also* Defendants' Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for Summary Judgment ¶ 7.
[4] Plaintiff's admissions are also in apparent contradiction with Plaintiff's allegations of working overtime.
[5] *See* Answer to Req. for Adm. No. 3, Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories, Requests for Production and Request for Admissions to Plaintiff, attached as Ex. D.
[6] *Id*. at Answer to Req. for Admission No. 4.

SPEC's corporate management to work any overtime compensable under the FLSA"[7].

## II.
## SUPPORTING LAW

3. The Employment Agreement provides in part, "*This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. The language in this Agreement shall be construed according to its normal and usual meaning, and not strictly for or against either party to this Agreement.*" *See* Ex. A at §19. As ruled by the 5th Circuit, "A federal court is required to follow the choice of law rules of the state in which it sits." *Resolution Trust Corp v. Northpark Joint Venture*, 958 F.2d 1313, 1318 (5th Cir. 1992) (citing *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941)). A federal district court situated in Texas must therefore "look to the Texas choice of law rules." *Id*. "Under the Texas rules, in those contract cases in which the parties have agreed to an enforceable choice of law clause, the law of the chosen state must be applied." *Id*. (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 678 (Tex.1990)); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (where a choice of law clause on the back of a cruise-ship-boarding ticket was found enforceable).

4. Accordingly, under Texas law, it is the duty of the courts to construe contracts. *Dixie Fire Ins. Co. v. McAdams*, 235 S.W.2d 207, 210 (Tex. Civ. App. – Fort Worth 1950, writ dismissed). Courts must enforce contracts as written and cannot make new contracts between parties. *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965); *Nielson v. Allstate Ins. Co.*, 784 S.W.2d 735, 737 (Tex. App. – Houston [14th Dist.] 1990, no writ). The proper construction of an unambiguous agreement is a question of law. *Phillips Natural Gas Co. v. Cardiff*, 823 S.W.2d 314, 317 (Tex. App. – Houston [1st Dist.] 1991, writ denied). If the written

---

[7] *Id*.

instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *GT & MC, Inc. v. Texas City Ref.*, Inc., 822 S.W.2d 252, 255-56 (Tex. App. – Houston [1st Dist.] 1991, writ denied). The law leaves the contract just where the parties themselves have put it, and the court will enforce it as made, without regard to questions as to whether the parties contracted wisely or foolishly, or as to whether, in the light of subsequent events, a hardship may be worked. *Little v. Kennedy*, 195 S.W.2d 255, 261 (Tex. Civ. App. – Amarillo 1946, writ ref'd n.r.e); Provident Fire Ins. Co. v. Ashy, 162 S.W.2d 684, 687 (Tex. 1942) ("Parties make their own contracts, and it is not within the province of this court to vary their terms in order to protect them from the consequences of their own oversights and failures in nonobservance of obligations assumed.").

### III.
### ANALYSIS AND CONCLUSION

5.  The Employment Agreement between the Plaintiff and SPEC unambiguously provides that Plaintiff agrees to abide and comply with all SPEC policies during his employment with SPEC. *See* Ex. A at § 17. In light of such agreement, SPEC had an overtime policy in effect at the time of Plaintiff's employment that unambiguously provided that Plaintiff, if a nonexempt employee, must obtain prior authorization to work overtime from his supervisor or from SPEC's Corporate Management or else Plaintiff was not authorized to work overtime.[8] *See* Ex. C at § 505. In fact, Plaintiff personally acknowledged that he had received SPEC's policy manual and that it was his responsibility to read and comply with the policies contained therein.

---

[8] *See Burry v. National Trailer*, 239 F.Supp. 85, 88 (E.D. Tenn. 1963), *aff'd.*, 338 F.2d 422 (6th Cir.1964) (held that an employer has the right to contractually obligate an employee to notify the employer if the employee is working overtime or is expected to work overtime, and to obtain permission from the employer before working overtime).

*See* Employee Acknowledgement Form, a true and correct copy of which is attached hereto as Ex. E.[9]

6. However, despite Plaintiff's promise to abide by and comply with SPEC's policies, Plaintiff's claim[10] of actually working overtime as a nonexempt employee of SPEC[11] is a deliberate breach of the Employment Contract because he failed by his own admission to obtain or seek any authorization from SPEC to work overtime. *See* Ex. D at Answer to Req. for Adm. Nos. 3 & 4; *see* MSJ ¶ 2; *see also* FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established").  In fact, besides admitting that he never requested nor was authorized by his supervisor at SPEC or SPEC's corporate management to work any compensable overtime[12], the Plaintiff even admits that he never once sought payment for overtime compensation in accordance with SPEC's nonexempt employee workplace policies during his employment with SPEC[13] and that he never once informed or complained to his immediate superior or to SPEC's corporate management that he had worked overtime or was eligible for compensable overtime[14]. Indeed, given Plaintiff's claims of working overtime in this lawsuit, his failing to notify, inform, and seek permission from SPEC to work overtime (as well as failing to even seek payment for alleged compensable overtime worked) during Plaintiff's employment with SPEC is tantamount to fraud. *See LeCompte v. Chrysler Credit Corp.*, 780

---

[9] *See also* Ex. B at ¶¶ 15 - 19.
[10] The fact that Plaintiff breached his employment agreement with SPEC as a matter of law is premised (for the purposes of this MSJ only) in part upon Plaintiff's own claims and admissions that he worked compensable overtime under FLSA while employed by SPEC. However, Defendants' reference to such claims and admissions in this MSJ is not (and should not be construed) in any way as an admission or acknowledgement, express or implied, by Defendants that Plaintiff did indeed work compensable overtime while employed by SPEC or that Plaintiff is due overtime pay from SPEC under FLSA. In this regard, the Defendants steadfastly and unequivocally hold to their answer to this lawsuit. *See* Defendants' First Amended Answer to Original Complaint and Counterclaim.
[11] *See* Complaint ¶¶ 7 – 9; *see also* Ex. D at Answer to Interrogatory No. 4.
[12] Ex. D at Answer to Req. for Adm. No. 4.
[13] *Id.*
[14] *Id.* at Answer to Req. for Adm. No. 3.

F.2d 1260, 1264 (5th Cir. 1986) (citing *Burry v. National Trailer* at 88 ("[I]f an employee is keeping his own time sheets secretly and does not notify his employer that he is keeping such sheets and keeps them for the purpose of committing a fraud on the employer or to trick the employer in paying him overtime wages, he is precluded from recovering overtime wages under such circumstances. No person should ever be permitted to profit from his own fraud.")).

7. Therefore, by law, in construing the Employment Agreement according to its normal and usual meaning[15], it is unquestionably a breach of the Employment Agreement to fail to obtain prior authorization from SPEC to work compensable overtime in compliance with SPEC's overtime policy[16] because such failure would be in breach of the Employment Agreement's provision obligating the employee to abide by and comply with all of SPEC's policies[17]. Therefore, by Plaintiff's own admission as stated above[18], he is in breach of the Employment Agreement as a matter of law. Consequently, because construction of an unambiguous agreement is a question of law[19] and because Courts must enforce contracts as written[20], the Court must find that as a matter of law there is no genuine issue of material fact as to the fact that the Plaintiff breached his Employment Agreement with SPEC.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Defendants, Systems & Processes Engineering Corporation and Randolph E. Noster, pray that this Court:

(i) find that Plaintiff has breached the Employment Agreement with SPEC as a

---

[15] Ex. A at § 19.
[16] Ex. C at § 505.
[17] Ex. A at § 17.
[18] See MSJ ¶¶ 2 & 5 and Note 10.
[19] *Phillips Natural Gas Co.* at 317.
[20] *Royal Indem. Co.* at 181.

matter of law;

(ii) find that Defendants are entitled to any and all damages (including, without limitation, reasonable and necessary attorney's fees, as well as cost of suit and costs of court) that Defendants can show resulted from Plaintiff's breach of the Employment Agreement;

(iii) grant Defendants' Motion for Summary Judgment; and

(iv) provide such other and further relief as the Court deems equitable.

Respectfully submitted,

*/s/ Dean J. Fisher*

_____
Dean J. Fisher (fisher@spec.com)
State Bar No. 07049710
6800 Burleson Road
Building 320
Austin, Texas 78744
Telephone:  (512) 691-8180
Facsimile:  (512) 494-0756

ATTORNEY FOR DEFENDANTS,
SYSTEMS & PROCESSES ENGINEERING
CORPORATION and RANDOLPH E. NOSTER

**CERTIFICATE OF SERVICE**

    I certify that on this 6th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Charles L. Scalise
Ross Law Group
1104 San Antonio Street
Austin, Texas 78701
charles@rosslawpc.com

_____
Dean J. Fisher